# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STEPHEN BOATWRIGHT, )
     #18585 )
 )
          Plaintiff, )    2:10-cv-01131-PMP-RJJ
 )
vs. )
 )    **ORDER**
STATE OF NEVADA, *et al.*, )
 )
          Defendants. )
_____/

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. In response to this court's order directing plaintiff to either file an application to proceed *in forma pauperis* on the required form or pay the full filing fee (*see* docket #4), plaintiff filed his application, which is incomplete (docket #7). Moreover, the complaint is not on the court's approved form, as required by Local Rule of Special Proceedings 2-1. As set forth below, even in the absence of a completed application to proceed *in forma pauperis* and a complaint on the requisite form, the court must dismiss the complaint with prejudice for failure to state a claim upon which relief may be granted. The court now reviews the complaint (docket #6).[1]

**I. Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state

_____

[1] The document at docket #1 entitled "complaint notice of intent" is insufficient to initiate a civil rights action in this court and shall be stricken.

1  a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune
2  from such relief." 28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks an arguable basis
3  either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss
4  a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual
5  contentions are clearly baseless.  *Id*. at 327. The critical inquiry is whether a constitutional claim,
6  however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d
7  639, 640 (9th Cir. 1989).

8  Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided
9  for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section
10 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.  Review under Rule
11 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232
12 F.3d 719, 723 (9th Cir. 2000).  A complaint must contain more than a "formulaic recitation of the
13 elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief
14 above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965
15 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a
16 suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the
17 court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital*
18 *Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and
19 resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

20 Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings
21 drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21
22 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  All
23 or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims
24 lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are
25 untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal
26 interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*

2

fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006).

## II. Instant Complaint

Plaintiff, who is incarcerated at Lovelock Correctional Center ("LCC"), has sued the State of Nevada, several state courts and state court judges, district attorneys, a court reporter, and both his retained and appointed counsel. Plaintiff's main claim appears to be that in 1983, the state court "illegally" issued an amended judgment of conviction that incorrectly reflected conviction of greater charges than those agreed to in a plea agreement. Plaintiff appears to claim violations of his Sixth Amendment rights, Fourteenth Amendment due process rights and ineffective assistance of counsel. For the reasons discussed below, plaintiff's complaint is dismissed.

Plaintiff's complaint suffers from various defects, several of which are addressed here. First, while plaintiff names the State of Nevada as a defendant, states are not persons for purposes of § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc); *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991). Section 1983 claims against states, therefore, are legally frivolous. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989), superseded by statute on other grounds as stated in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*). Accordingly, all claims against the State of Nevada are dismissed with prejudice.

1    Next, all remaining defendants except for plaintiff's attorneys are immune from suit based on
2 the principles of either absolute or qualified immunity. With respect to judges: "[c]ourts have extended
3 absolute judicial immunity from damage actions under 42 U.S.C. § 1983 not only to judges but also to
4 officers whose functions bear a close association to the judicial process." *Demoran v. Will*, 781 F.2d
5 155, 156 (9th Cir. 1986). "Judges and those performing judge-like functions are absolutely immune from
6 damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075
7 (9th Cir. 1986) (*en banc*); *see also Miller v. Davis*, 1142, 1145 (9th Cir. 2008); *Partington v. Gedan*, 961
8 F.2d 852, 860 n.8 (9th Cir. 1992); *Houghton v. Osborne*, 834 F.2d 745, 750 (9th Cir. 1987). Judges retain
9 their immunity when they are accused of acting maliciously or corruptly, *see Mireles v. Waco*, 502 U.S.
10 9, 11 (1991) (*per curiam*); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Meek v. County of*
11 *Riverside*, 183 F.3d 962, 965 (9th Cir. 1999); *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989), and
12 when they are accused of acting in error, *see Meek*, 183 F.3d at 965; *Schucker v. Rockwood*, 846 F.2d
13 1202, 1204 (9th Cir. 1988) (*per curiam*); *Ashelman*, 793 F.2d at 1075.

14    With respect to the district attorneys and the court reporter, government officials enjoy qualified
15 immunity from civil damages unless their conduct violates "clearly established statutory or
16 constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S.
17 800, 818 (1982). In *Saucier v. Katz*, the Supreme Court provided guidance on the application of
18 qualified immunity, explaining that officials are entitled to qualified immunity unless (1) plaintiff
19 alleges facts that show a constitutional violation and (2) it was clearly established at the time of the
20 alleged violation that the conduct was unconstitutional. 533 U.S. 194, 201 (2001). The Supreme Court
21 stressed that the first part of the analysis is the threshold question that courts should address before
22 proceeding to the second part. *Id.* at 207.

23    Finally, with respect to plaintiff's attorneys, his retained counsel is not a state actor and thus not
24 amenable to suit pursuant to § 1983. *Price v. State of Hawaii*, 939 F.2d 702, 707-708 (9th Cir. 1991)
25 (private parties generally are not acting under the color of state law). When public defenders or court-
26 appointed attorneys are acting in their role as advocate, they similarly are not acting under color of state

1 law for § 1983 purposes. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk County v. Dodson*, 454 U.S. 312, 320-25 (1981); *Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008); *Miranda v. Clark County, Nev.*, 319 F.3d 465, 468 (9th Cir. 2003) (*en banc*). Thus, the state courts and judges named as defendants have absolute immunity from this suit, the district attorneys and court reporter are entitled to qualified immunity from suit based on plaintiff's allegations, and neither of plaintiff's attorneys may be sued under § 1983. Accordingly, all defendants in this action are dismissed.

Moreover, plaintiff's central claims are that he was improperly convicted of charges greater than those to which he plead and that he received ineffective assistance of counsel; however, when a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of *habeas corpus*. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). Further, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488. Plaintiff's claims clearly implicate the legality or duration of his custody. His sole federal remedy for such claim is a writ of *habeas corpus*. Accordingly, his claims are also subject to dismissal on that basis. Because amendment would be futile, the entire complaint is dismissed with prejudice and without leave to amend.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis* (docket #7) is **DENIED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that plaintiff's request for review of magistrate judge decision

(docket #17) and request for judicial review (docket #18) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff's "complaint notice of intent" (docket #1) is **STRICKEN**.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly and close this case.

DATED: September 15, 2010.

PHILIP M. PRO
United States District Judge